FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 22 2021
TAMMY H. DOWNS, CLERK
By: [signature]
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOSH DAWSON, individually and On behalf of all others similarly situated** **PLAINTIFF**

v. Case No. 3:21-cv-00220-LPR

**D&H CONTRACTING INC.** **DEFENDANT**

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ervin

**CLASS AND COLLECTIVE ACTION COMPLAINT**

COMES NOW Josh Dawson individually and on behalf of all others similarly situated, by and through his attorney Chris Burks of WH LAW, for his Class and Collective Action Complaint against D&H Contracting Inc., they do hereby state and allege as follows:

## I. PRELIMINARY STATEMENTS

1. This is a class action and a collective action brought by Plaintiff Josh Dawson individually and on behalf of all other linemen employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Northern Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a resident and citizen of Lawrence County.

13. Plaintiff Josh Dawson was employed by Defendant as a linemen employee within the three years relevant to this lawsuit.

14. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

15. Defendant D&H Contracting Inc. is a for-profit corporation, registered and licensed to do business in the State of Arkansas.

16. Defendant D&H Contracting Inc.'s registered agent for service of process in Arkansas is William K. Rowsey, 160 Lawrence 223 Road, Black Rock, AR 72415.

17. Defendant D&H Contracting Inc. is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

18. Defendant D&H Contracting Inc. is a licensed contractor in the State of Arkansas that provides electrical contracting services, including installation, maintenance, and repair services for cable television lines.

19. Defendant D&H Contracting Inc. has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as tools and supplies used to install, maintain, and repair cable television lines.

20. Defendant D&H Contracting Inc.'s annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV. FACTUAL ALLEGATIONS

21. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a linemen employee.

23. Plaintiff and other linemen employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

24. Defendant did not employ an electronic time-keeping system, time sheets, or any other means to track the number of hours worked each workweek by Defendant and other linemen employees.

25. As a result, Plaintiff and other linemen employees' pay was calculated as a flat weekly payment, regardless of the amount of hours worked during any given workweek.

26. The flat weekly payment employed by the Defendant resulted in several hours of unpaid work each month for Plaintiff and other linemen employees.

27. As a result of this flat weekly payment, Plaintiff and other linemen employees did not receive one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

28. Plaintiff and other linemen employees were also paid non-discretionary cash awards and bonuses on a regular basis when certain objective and measurable criteria were met.

29. Defendant also did not include the bonuses and cash awards paid to Plaintiff and other linemen employees in their regular rates of pay when calculating their overtime pay.

30. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as production or attendance based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

31. Defendant violated the FLSA and AMWA by not paying an overtime premium and by not including the non-discretionary bonuses of Plaintiff and other linemen employees in their regular rate when calculating their overtime pay.

32. Defendant knew or showed reckless disregard for whether the way they paid Plaintiff and other linemen employees violated the FLSA and AMWA.

33. Defendant's linemen employees were classic manual laborers, working with machinery and equipment on commercial and residential electrical contracting projects.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Class

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

35. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff brings his FLSA claims on behalf of all linemen employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B. Liquidated damages; and

C. Attorneys' fees and costs.

37. The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

38. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They were paid in the same manner, receiving a flat weekly payment regardless of the number of hours they worked;

D. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week.

39. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 200 persons.

40. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their

last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

**B. AMWA Rule 23 Class**

41. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. Plaintiff proposes to represent the class of linemen employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

43. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's failure to include non-discretionary bonuses in its calculation of overtime pay, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

44. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

45. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

46. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

47. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

48. Concentrating the litigation in this forum is highly desirable because Defendant's operations are based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

49. No difficulties are likely to be encountered in the management of this class action.

50. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

51. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

52. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

53. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CLAIM FOR RELIEF
## (Individual Claims for Violation of FLSA)

54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56. During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

57. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

58. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of failing to track the time worked by Plaintiff and other hourly-paid employees, paying Plaintiff and other hourly-paid employees a flat rate, regardless of the amount of hours worked in a given workweek, and failing to pay Plaintiff and other hourly-paid employees for all hours worked over forty (40) in each one week period.

59. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff in their regular rate when calculating their overtime pay.

60. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

61. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
## (Collective Action Claim for Violation of FLSA)

63. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

64. Plaintiff brings this collective action on behalf of all linemen employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

65. Plaintiff bring this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

66. During the period relevant to this lawsuit, Defendant classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

67. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly

situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

68. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of failing to track the time worked by Plaintiff and other hourly-paid employees, paying Plaintiff and other hourly-paid employees a flat rate, regardless of the amount of hours worked in a given workweek, and failing to pay Plaintiff and other hourly-paid employees for all hours worked over forty (40) in each one week period.

69. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

70. In the past three years, Defendant has employed hundreds of hourly-paid employees.

71. Like Plaintiff, these linemen employees regularly worked more than forty (40) hours in a week.

72. Defendant failed to pay these workers at the proper overtime rate.

73. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each lineman employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

74. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

75. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

76. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

77. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

78. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

79. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

80. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

81. Defendant failed to pay Plaintiff all overtime wages owed as required under the AMWA.

82. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of failing to track the time worked by Plaintiff and other lineman employees,

paying Plaintiff and other hourly-paid employees a flat rate, regardless of the amount of hours worked in a given workweek, and failing to pay Plaintiff and other hourly-paid employees for all hours worked over forty (40) in each one week period.

83. Defendant's failure to include non-discretionary bonuses in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

84. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

85. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

86. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF

**(Class Action Claim for Violation of the AMWA)**

87. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

88. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

89. At all relevant times, Defendant has been and continues to be the "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

90. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

91. Defendant failed to pay Plaintiff and members of the proposed class all overtime wages owed as required under the AMWA.

92. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of failing to track the time worked by Plaintiff and other lineman employees, and paying Plaintiff and other hourly-paid employees a flat rate, regardless of the amount of hours worked in a given workweek, and failing to pay Plaintiff and other hourly-paid employees for all hours worked over forty (40) in each one week period.

93. Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each lineman Arkansas employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

94. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

95. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee

provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

96. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Josh Dawson, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) That Defendant be required to account to Plaintiff, the class, and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B) A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C) A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F) Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(H) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I) An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Josh Dawson, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. - Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law